# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**KATHLEEN B. WRIGHT**,

    Plaintiff,

v.                                                No. CIV 97-1465 BB/LCS

**BOARD OF COMMISSIONERS OF DOÑA ANA COUNTY;
FRANK STEELE, Doña Ana County Detention Center
Administrator; SERGEANT EDWIN CHAVEZ, JR.,
STEVE GRAHAM; LIEUTENANT CHERYL ROACH;
CAPTAIN ALFREDO MOCHEN (retired),**

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendants' motion to dismiss (Doc. 24) regarding Plaintiff's Amended Complaint alleging Sexual Discrimination, Battery, and Intentional Infliction of Emotional Distress (Doc. 9). Having reviewed the briefs of counsel and being otherwise duly advised, the Court finds Defendants' motion should be GRANTED in part and DENIED in part.

### Facts and Procedural History

On February 17, 1998 Plaintiff filed an amended complaint on the above allegations against Defendant Board of County Commissioners of Doña Ana County (County), Defendant Frank Steele (Steele), Administrator for the Doña Ana County Detention Center, in both his

official and individual capacity, Defendant Sergeant Edwin Chavez, Jr. (Chavez), Plaintiff's immediate supervisor, in both his official and individual capacity, Defendant Steve Graham (Graham), Plaintiff's coworker, in his individual capacity, Defendant Cheryl Roach (Roach), operation sergeant, in both her official and individual capacity, and Defendant Alfredo Mochen (Mochen), Plaintiff's coworker at the time of the alleged incident, in both his official and individual capacity.(Doc. 9).

On November 27, 1992 Plaintiff was hired by the County as a detention officer. Plaintiff complains she was subject to sexual harassment from coworker Graham and her immediate supervisor Chavez. According to Plaintiff's Amended Complaint, the sexual harassment allegedly occurred over a period of approximately seventeen months from January, 1994, through May 1995. (Doc. 9) Plaintiff also alleges she notified Defendants Roach and Mochen of the sexual harassment. (Doc. 9 at 4,6).

Prior to filing the present complaint, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on October 16, 1995. In the Charge, Plaintiff alleged she was subjected to sex discrimination between June 30, 1995 and October 6, 1995. (Doc. 24 Ex. 2) The EEOC issued a Determination letter, dated March 19, 1997, that referenced a different time-line of discrimination. The letter stated, "[the sexual harassment] occurred over a period of approximately seventeen months (January 1994 through May 1995)." (Doc. 16 Ex. A). Following the Determination letter, a Notice of Right to Sue was issued to Plaintiff by the Commission on August 19, 1997. (Doc. 9 Ex. A). Finally, on February 17, 1998 Plaintiff proceeded with the present amended complaint. (Doc. 9 Ex. A). Three counts comprise the amended complaint: Count I: Sexual Discrimination in violation of Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e et seq.; Count II: Battery and Intentional Infliction of Emotional Distress alleged against Defendant Steele; Count III: Intentional Infliction of Emotional Distress alleged against Defendants Chavez, Graham, Roach, and Mochen.

Rather than answering Plaintiff's complaint under Fed. R. Civ. P. 12(a), Defendants filed a rule 12(b)(6) motion to dismiss Plaintiff's complaint and petitioned the Court to convert the motion to a Fed. R. Civ. P. 56 motion for summary judgment. Defendant comes before the Court requesting the following relief : i) All Plaintiff's Title VII allegations against the individually named defendants, in both their official and individual capacities, should now be dismissed, ii) Plaintiff's state common law tort claims are time barred and should be dismissed, iii) alternatively, Plaintiff cannot state a cause of action for any alleged tortious conduct on the part of any defendant because there is no waiver of the government's immunity for torts based on sexual harassment, and iv) Plaintiff's claims pursuant to 42 U.S.C. 2000e, et seq should be dismissed for failure to comply with the pre-filing administrative prerequisites of the statute.

**Legal standard**

This motion was brought pursuant to Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the Court must accept all well-pled factual allegations in the light most favorable to Plaintiff. See Jojola v. Chavez, 55 F.3d 488, 490 (10th Cir. 1995). "Dismissal is appropriate only if the plaintiff can prove no set of facts in support of the claim entitling her to relief." Bauchman v. West High Sch., 132 F. 3d 542, 550 (10th Cir. 1997)(citing Ramirez v. Oklahoma Dep't of Mental Health, 41 F. 3d 584, 586 (10th Cir. 1994)).

Summary judgment, on the other hand, is appropriate only "if there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.

R. Civ. P. 56(c). Federal Rules of Procedure state that it is the movant's burden to demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 321-323 (1986). Once the movant meets its burden, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but...must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). In reviewing a summary judgment motion, the evidence must be viewed in the light most favorable to the nonmoving party. Frandsen v. Westinghouse Corp., 46 F.3d 975, 977 (10th Cir. 1995).

If matters outside of the pleadings are to be considered by the Court in ruling upon the motion, the motion is converted to one under Fed. R. Civ. P. 56. Indeed, Rule 12(b) provides in part:

> If . . . matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given a reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(b)(6).

In support of its motion, Defendant appended a Notice of Tort Claim, signed by Plaintiff's current attorney, and certain documents that make up part of the EEOC's file on Plaintiff's claim to the Commission. Plaintiff's response appends an EEOC Determination letter supporting their argument that Defendant's motion before the Court is without merit. In light of my consideration of evidence presented outside of the pleadings, the Court will treat this motion as a motion for summary judgment.

**Analysis**

**Suit Against Defendants In Their Individual Capacity**

Defendant moves this Court to dismiss Plaintiff's claims on a number of grounds. Defendant first argues that Plaintiff cannot bring her Title VII claims against individual persons, but instead must sue her employer. The Tenth Circuit has established that suits brought against individuals, under Title VII, must proceed in their official capacity. Haynes v. Williams, 88 F.3d 898, 901 (10th Cir. 1996); Sauers v. Salt Lake County, 1 F.3d 1122, 1125 (10th Cir. 1993). "The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act. We think the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly." Sauers, at 1125 (quoting Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991)). Plaintiff's Amended Complaint names the employer directly and sets forth that individual Defendants Steele, Chavez, Roach, and Mochen are sued in their official capacity as either agents or supervisors. Therefore, Plaintiff's Title VII claims against individual Defendants in their individual capacity will be dismissed but the claim will proceed in their official capacities.[1]

**State Claims Time Barred**

Defendant next argues that Plaintiff's state tort claims are time barred. Plaintiff's claims include battery (Count II), intentional infliction of emotional distress charged against one

---

[1] Although not briefed directly, it appears that Defendant Graham is sued as Plaintiff's co-worker and in his individual capacity. As the non-supervisory co-worker himself is not liable under Title VII, the Court would be prepared to dismiss Mr. Graham upon the appropriate motion. See Smith v. Prudential Fin. Servs., Inc., 739 F.Supp. 1042 (D.S.C. 1990). Defendants' current motion however, does not request such relief.

5

Defendant (Count II), and intentional infliction of emotional distress charged against four other Defendants (Count III). New Mexico law provides, "[a]ctions against a governmental entity or a public employee for tort shall be forever barred, unless such action is commenced within two years after the date of the occurrence resulting in loss, injury or death.... N.M. Stat. Ann. § 41-4-15 (Michie 1996). The New Mexico Court of Appeals has recognized that, "under the Tort Claims Act the limitation period commences when an injury manifest itself and is ascertainable, rather than when the wrongful or negligent act occurs." Long v. Weaver, M.D., 730 P.2d 491, 494 (N.M. App. 1986).

In her amended complaint Plaintiff states she was, "the recipient of frequent disgusting and grotesque sexual stories, dirty jokes, sexual comments and inquiries into her sexual behavior....This occurred over a period of approximately seventeen (17) months from January 1994, through May 1995." (Doc. 9 ¶ 17). In her complaint, Plaintiff describes a specific incident in which Defendant Steele allegedly tore a patch from the sleeve of her uniform and subjected her to insulting and obscene language.(Doc. 9 ¶ 34). None of the specific actions described by Plaintiff is alleged to have occurred after the period of harassment described in paragraph seventeen. It appears, therefore, that any actions leading to the state law claims occurred, at the latest, on June 1, 1995. Furthermore, a Tort Claims Notice letter, dated June 27, 1995 was filed by Plaintiff's attorney pursuant to NMSA § 41-4-16 indicating that Plaintiff was well aware of her obligations under the statute. However, Plaintiff's original complaint to this Court was not filed until November 14, 1997. Therefore, the filing date of Plaintiff's complaint is clearly beyond the two years allowed by New Mexico law.

In response, Plaintiff argues that the late filing was meant to avoid "piecemeal litigation in New Mexico District Court anticipating that the instant actions would ultimately be filed in Federal District Court." (Doc. 16). The Court does not find support for Plaintiff's proposition. Contemplating attaching a state claim to a federal action is not a permissible excuse for allowing the state limitations period to expire prior to filing the federal claim. Cf. Emory v. Peeler, 756 F.2d 1547, 1555 (11th Cir. 1985)("precedent indicates that it would be an abuse of discretion for a district court to dismiss a pendent claim which becomes time barred while the court has it under consideration"); RHEAUME v. Tex. Dep't of Pub. Safety, 666 F.2d 925, 931 (5th Cir. 1982)(plaintiff's pendent claim of false imprisonment was properly filed in Federal Court and on remand from appeal there was a threat that the pendent claim would be barred by statute of limitations); O'Brien v. Continental Ill. Nat'l Bank and Trust Co. of Chicago, 593 F.2d 54, 65 (7th Circuit 1979)(plaintiff's pendent claim should not be foreclosed by the passage of time required to dispose of the federal claim). The Supreme Court has instructed that, "[w]hen a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitation would otherwise apply. The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitations were intended to insure." Goldlawr, Inc., v. Heiman, 369 U.S. 463, 467 (1962).

Under the facts of this case, then, there was no limitation period to toll. Plaintiff had already exceeded the limitations period prior to approaching this Court for relief. Plaintiff's pendent claims therefore were dead on arrival, and unfortunately, diligence in filing a federal claim is not enough to resurrect them. Examining the record in the light most favorable to Plaintiff, it is

clear to the Court that the Plaintiff has exceeded the statute of limitations allowed under state law and therefore her pendent state law claims will be barred by the provisions of NMSA § 41-4-15.[2]

**Exhaustion of Administrative Remedies**

Finally, Defendant urges this court to dismiss Plaintiff's Title VII claims on the grounds that Plaintiff failed to comply with the pre-filing administrative requirements of the statute. As noted supra, Plaintiff based her EEOC charge on events that occurred between June 10, 1995 and October 6, 1995. However her complaint is based on conduct that is alleged to have occurred between January, 1994 and May, 1994. Therefore, Defendant argues, because the timetable of the alleged conduct in her complaint does not match the timetable in her EEOC charge, Plaintiff has not exhausted her remedies with the EEOC.

Under Title VII, an aggrieved employee must file a discrimination charge with the EEOC within one hundred and eighty days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e). Defendant correctly points out that the administrative exhaustion rule requires that an employee may not maintain a Title VII suit in federal court "unless the employee has pursued [this] avenue[] of potential administrative relief." Bolden v. PRC Inc., 43 F.3d 545, 552 (10th Cir. 1994)(citation omitted). However, the Tenth Circuit has recognized exceptions to this general requirement stating, "a plaintiff may be excused from exhausting administrative remedies on related claims of discrimination or retaliation that occur after the filing of the original EEOC complaint." Mosley v. Pena, 100 F.3d 1515, 1518 (10th Cir. 1996) (citing Ingels v. Thiokol Corp., 42 F.3d 616, 625 (10th Cir. 1994)); see also Brown v. Hartshorne Pub. Sch. Dist. No.1,

---

[2]Because the Court is dismissing the Plaintiff's pendent state claims for exceeding the state statute of limitations, Defendant's argument in the alternative need not be considered.

864 F.2d 680, 682 (10th Cir. 1988)("[w]hen an employee seeks judicial relief for incidents not listed in his original charge to the EEOC, the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the EEOC charge, including new acts occurring during the pendency of the charge before the EEOC.")(quoting Oubichon v. North American Rockwell Corp., 482 F.2d 569, 571 (9th Cir. 1973)).  In the case at bar, Defendant argues there is no similar exception to the exhaustion rule for related claims that occurred before the dates alleged in the EEOC charge.

The EEOC, through its own investigation discovered additional instances of sexual harassment targeted against Plaintiff. Although the additional instances occurred prior to the date originally reference in Plaintiff's EEOC charge, they were like or reasonably related to the allegations of the EEOC charge. Oubichon at 571.  Furthermore, as the EEOC investigation of Plaintiff's original charge put Defendant on notice of the alleged violations, and as the EEOC was able to use the information they discovered to attempt conciliation, the function of the administrative exhaustion rule has been fulfilled. See Ingels, 42 F.3d at 625.  Since it was the EEOC which discovered the earlier conduct, it appears to the Court that it would be a needless procedural barrier to require Plaintiff to begin again at the EEOC investigation stage with regard to the dates cited in her judicial complaint. Lazuran v. Kemp, 142 F.R.D. 466, 468 (W.D. Wash. 1991).   Therefore, Plaintiff will have the opportunity through discovery and trial to prove the truth of her allegations and not be barred by the administrative exhaustion requirement.

**ORDER**

For the reasons stated above, IT IS HEREBY ORDERED that the Defendant's Motion for Summary Judgment (Doc. 24) be, and hereby is, GRANTED in part in that claims brought against Defendants in their individual capacity will be dismissed. IT IS FURTHER ORDERED that Plaintiff's pendent State claims will be barred by New Mexico statute of limitations. FINALLY IT IS HEREBY ORDERED, that Defendants' Motion for Summary Judgment will be DENIED IN PART and Plaintiff is allowed to proceed on her amended complaint.

Dated at Albuquerque this 22nd day of March, 1999.

_____
BRUCE D. BLACK
United States District Judge

Copies to:

Raymond T. Van Arnam
P.O. Box 2465
Las Cruces, NM 88004
Attorney for Plaintiff

Thomas A. Sandenaw, Jr.
Raul A. Carrillo, Jr.
2951A Roadrunner Parkway
Las Cruces, NM 88011
Attorneys for Defendants